## AKERS *v.* SELLERS

[No. 17,236.   Filed May 15, 1944.]

*Ira M. Holmes,* of Indianapolis, for appellant.

No appearance for appellee.

CRUMPACKER, C. J.—This is a controversy over the ownership and possession of a Boston bull terrior dog upon which the appellant, while declining to measure its true value to him in mere money, has placed an arbitrary value of $25.  Were we to judge the importance of these proceedings by such a fictitious standard of value we would be inclined to resent this appeal as a trespass on the court's time and an imposition on our patience, of which quality we trust we are possessed to a reasonable degree.  But we have in mind Senator Vest's immortal eulogy on the noble instincts of a dog so we approach the question involved without any feel-

ing of injured dignity but with a full realization that no man can be censured for the prosecution of his rights to the full limit of the law when such rights involve the comfort derived from the companionship of man's best friend.

The parties to this litigation were at one time husband and wife. We conclude from the record that their union was not blessed with children, but some seven years ago there came into their lives the Boston terrier which is the subject of this controversy. He was the gift of a doctor of veterinary medicine with whom he had been left to board by a former owner who had never sought his return. What his age may have been at the time is not disclosed, but, assuming that he was then a pup, it is apparent that he is now about to enter the mellow years when those qualities most to be desired in a dog are at their peak, and the natural springtime inclination to roam, common to all males of whatever specie, is on the wane. Despite the tie and cementing influence of this little Boston terrier, the marriage of the parties proved not to have been made in heaven and the appellee sought and obtained a divorce. The court wherein such divorce was decreed, feeling perhaps that the care and custody of the dog of the parties was not an inescapable appendage to their domestic controversy, failed to make any order in reference to the same and the wife, being left in the possession of the domicile on separation from her husband, just naturally came into the custody of the dog. Whether the learned judge who heard the appellant's petition for divorce would have made such disposition of the dog had the matter been called to his attention, we are, of course, unable to say. Whether the interests and desires of the dog, in such a situation, should be the polar star pointing the way to a just and wise

decision, or whether the matter should be determined on the brutal and unfeeling basis of legal title, is a problem concerning which we express no opinion. We recognize, however, the tragedy of his consignment to the appellee if, in fact, his love, affection and loyalty are for the appellant. However that may be, the appellant, insisting that legal title and the dog's best interests are in accord and both rest in him, brought this suit in replevin and upon the trial thereof was unsuccessful. The record presents no question for our consideration except that the evidence is insufficient to sustain the decision of the court and that the same is contrary to law. We find evidence tending to prove that the dog in controversy was first given to the appellant and by him, in turn, given to the appellee. This is sufficient to support the decision, and as there is no reason shown why possession should not accompany ownership such decision is not contrary to law. We feel that had the trial court seen fit to apply Solomon's test and offered to cut the dog in halves, awarding one part to each claimant, the decision might have been for the appellant, as the appellee has failed to show sufficient interest in the controversy, or its subject, to file an answer below or favor us with a brief on appeal. The fact, however, that we may possibly have more confidence in the wisdom of Solomon than we do in that of the trial court hardly justifies us in disturbing its judgment.

Affirmed.

NOTE.—Reported in 54 N. E. (2d) 779.